**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEVIN DeWITT,

    Plaintiff,

v.

DELAWARE VALLEY SCHOOL
DISTRICT, et al.,

    Defendants,

CIVIL ACTION NO. 3:10-CV-1836

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is the motion to dismiss pursuant to Rule 12(b)(6) of Defendants Delaware Valley School District, Joseph Casmus, Christopher Pietraszewski, and Ryan Dippre (Doc. 2). For the reasons stated below, the motion to dismiss will be granted in part.

**I. Background**

Plaintiff's Complaint alleges as follows.

Plaintiff Kevin DeWitt was a student at Delaware Valley High School. While a student, he complained to Principal Casmus and Assistant Principal Pietraszewski that another student, Defendant Michael Reese, threatened to hurt him. On March 29, 2008, Mr. Reese harassed Mr. DeWitt outside their fifth period classroom. Inside that classroom, Mr. Reese again taunted Mr. DeWitt and tried to get him into a fight. The teacher, Mr. Dippre, did not initially stop Mr. Reese. Mr. DeWitt attempted to contact the school administration regarding the threats. Following fifth period, Mr. Reese assaulted Mr. DeWitt, causing him to lose consciousness. As a result of his injuries, Mr. DeWitt suffered and will continue to suffer pain and anguish.

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against the Delaware Valley

School District for acting with deliberate indifference when establishing, maintaining, and entering policies, procedures, customs, or practices (Count I): § 1983 claims against Mr. Casmus, Mr. Pietraszewski, and Mr. Dippre for violating his substantive due process rights (Counts II - IV); state common law negligence claims against all Defendants (Counts V, VII, IX); state common law assault and battery claims against Mr. Reese and his parents (Count VI); and state common law claims for intentional infliction of emotional distress against Mr. Reese and his parents (Count VIII). Plaintiff filed his complaint in the Court of Common Pleas of Pike County, Pennsylvania, on August 3, 2010. The school Defendants, consisting of the school district, Mr. Casmus, Mr. Pietraszewski, and Mr. Dippre, timely removed the matter to federal court pursuant to 28 U.S.C. § 1441. Now, they move to dismiss the § 1983 claims for failure to state a claim and request qualified immunity. (Doc. 2) The motion has been fully briefed and is ripe for review.

## II. Discussion

### A. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a

reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

**B. State-Created Danger**

Plaintiff brings § 1983 claims against Mr. Casmus, Mr. Pietraszewski, and Mr. Dippre for violating his substantive due process right to bodily integrity. An individual may bring a

constitutional substantive due process claim when persons acting under color of state law violate that individual's federal constitutional or statutory rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). School administrators and employees are considered state actors in Fourth and Fourteenth Amendments claims. *See New Jersey v. T.L.O.*, 469 U.S. 325, 336 (1985); *Goss v. Lopez*, 419 U.S. 565, 736 (1975). The Fourteenth Amendment safeguards an individual's interest in bodily integrity. *See Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d. Cir. 1993).

"Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals." *Sanford v. Stiles*, 456 F.3d 298, 303-04 (3d Cir. 2006) (per curiam). There are two exceptions to this rule. *Id.* at 304. First, the state has an affirmative duty to protect citizens when a "special relationship" exists between the state and the citizens. *Id*. Here, this exception does not apply because schoolchildren do not have a special relationship with the state. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1372 (3d Cir. 1992) (*en banc*).

Second, the state must provide protection "when a 'state-created danger' is involved." *Sanford*, 456 F.3d at 304. To prevail on a state-created danger claim, all four elements must be met. *Id.* The four elements of the test are:

(1) the harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

>  (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotation marks and footnotes omitted); *accord Kaucher v. County of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006).  Here, the fourth element is not met.

"[U]nder the fourth element of a state-created danger claim, '[l]iability ... is predicated upon the states' *affirmative acts* which work to the plaintiffs' detriments in terms of exposure to danger.'  It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."  *Bright*, 443 F.3d at 282 (quoting *D.R. by L.R.*, 972 F.2d at 1374) (emphasis supplied).  Plaintiffs cannot recharacterize inaction as affirmative action because failure to prevent harm does not equal causing harm.  *Sanford*, 456 F.3d at 312.

Here, Plaintiff argues that Defendants' failure to act constituted an affirmative act.  Though failure to act generally does not establish an affirmative act, the Eastern District Court of Pennsylvania found affirmative acts when school administrators never addressed multiple student attacks and concealed evidence of those attacks.  *Gremo v. Karlin*, 363 F.Supp.2d 771, 789 (E.D. Pa. 2005).  In that case, the court labeled administrators' acts affirmative because they created an atmosphere conducive to further violence.  *Id.*  Here, however, no facts indicate that school administrators created an atmosphere encouraging violence.  The facts alleged in the complaint do not indicate that Defendants Casmus and Pietraszewski failed to respond to threats made prior to March 29, 2008, nor that school officials failed to respond to the events on March 29, 2008.  Rather, the facts suggest that Mr. Dippre aided the Plaintiff by intervening during the fifth period altercation.  Additionally, the effectiveness of aid Plaintiff received is irrelevant.  The Western District Court of

Pennsylvania held that school administrators' ineffective attempts to stop student bullying did not constitute affirmative acts because administrators lacked complicity with attackers. *Magwood v. French*, 478 F.Supp.2d 821, 831 (W.D. Pa. 2007). In 2009, the Eastern District Court of Pennsylvania also held that failing to protect a student from a threatened attack was not an affirmative act. *Smith v. School Dist. Of Philadelphia*, No. 07-2080, 2009 WL 667455, at *6 (E.D. Pa. March 10, 2009). Because mere failure to protect the Plaintiff is not actionable, the claim should be dismissed. Absent a constitutionally alleged claim, the Court also need not address whether Defendants are immunized under the doctrine of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Because the motion to dismiss is granted on failure to satisfy the fourth element of the state-created danger doctrine, there is no need to address the other factors.

**C. Violation of Constitutional Rights Due to a Policy, Practice, or Custom of the District**

Before the Delaware Valley School District can be held liable, the Court must first determine whether Plaintiff's constitutional rights were violated. *Magwood*, 478 F.Supp.2d at 831 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)). Because the Court finds no constitutional violation, the claim will be dismissed. Absent a constitutionally alleged claim, the Court also need not address whether Defendants are immunized under the doctrine of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

**D. Negligence Claims**

Defendants also move to dismiss negligence claims. Because the federal claims will be dismissed, the Court need not address supplemental claims. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999). Therefore, the Court dismisses the negligence claims.

### III. Conclusion

For the above reasons, Plaintiff has failed to state a claim under Rule 8(a) as described by the Supreme Court in *Twombly* and *Iqbal*. He may, however, be able to properly allege facts stating a claim under Rule 8(a) in a new complaint. In civil rights cases, courts must give affirmative leave to amend complaints vulnerable to 12(b)(6) dismissal unless amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Consequently, the Defendants' motion to dismiss will be granted, but Plaintiff will have twenty-one (21) days to file an amended complaint properly alleging facts required for a constitutional due process claim.

Moreover, a district court may decline jurisdiction over supplemental claims after dismissing all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999). When a court has declined supplemental jurisdiction under § 1367(c)(3), remand to state court is permissible. *See Balazik v. County of Dauphin*, 44 F.3d 209, 216-17 (3d Cir.1995). Accordingly, if the complaint is not properly amended, the Court will remand all negligence claims to the Court of Common Pleas of Pike County, Pennsylvania.

An appropriate order follows.

July 25, 2011 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN DeWITT, | |
| Plaintiff, | NO. 3:10-CV-1836 |
| v. | (JUDGE CAPUTO) |
| DELAWARE VALLEY SCHOOL DISTRICT, et al., | |
| Defendants. | |

# **ORDER**

**NOW**, this 25th day of July, 2011, **IT IS HEREBY ORDERED** that:

**(1)** Defendants' motion to dismiss the complaint (Doc. 2) is **GRANTED** in part. The federal claims are dismissed, and the court does not reach the merits of the negligence claims.

**(2)** Plaintiff has twenty-one (21) days from the date of this order to file an amended complaint in accordance with the Court's opinion. Should Plaintiff fail to do so, the case will be remanded to the Court of Common Pleas of Pike County, Pennsylvania, for disposal of negligence claims.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge